

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| THEODORE S. BAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV406-21 |
| ) | |
| BENJAMIN S. EICHHOLZ, THE ) | |
| LAW OFFICE OF BENJAMIN ) | |
| SHEFTALL EICHHOLZ, P.C., and ) | |
| L. NICOLE HAMILTON-KING, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff has filed a motion to compel the further deposition of defendant Benjamin Eichholz and for the costs of bringing this motion and redeposing defendant. Doc. 33. Defendants filed a response and a counter-motion for protective order. Doc. 36. Plaintiff then filed a reply and a response to defendants' motion. Doc. 41.

On March 30, 2006, plaintiff's counsel deposed attorney Eichholz, one of the defendants in this legal malpractice action. During the deposition, plaintiff's counsel asked several questions concerning whether other lawsuits were then pending against Eichholz. Defense counsel repeatedly

objected to these questions and instructed Eichholz not respond. Defense counsel gave no specific reason for his objections, although he did comment that questions about other cases brought against Eichholz were unrelated to plaintiff Baker's claims in this case and would not lead to the discovery of admissible evidence. Eichholz dep. 11-17. Plaintiff seeks a continuation of Eichholz's deposition so that these questions may be answered and requests that sanctions be imposed against defense counsel.

Rule 30(d)(1) of the Federal Rules of Civil Procedure unambiguously states that an attorney "may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)." The latter rule permits a party to suspend a deposition for the time necessary to demonstrate to the court that "the examination is being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass, or oppress the deponent or party." Fed. R. Civ. P. 30(d)(4). The rules provide no other grounds for instructing a witness not to answer a deposition question.

It was thus improper for defense counsel to direct defendant Eichholz not to answer questions inquiring about the existence of other pending

malpractice cases based on a relevancy objection, for the mere propounding of an irrelevant question is not an appropriate ground for instructing a witness not to answer. Resolution Trust Corp. v. Dabney, 73 F.3d 262, 266 (10th Cir. 1995); Gober v. City of Leesburg, 197 F.R.D. 519, 520 (M.D. Fla. 2000); Furniture World, Inc. v. D.A.V. Thrift Stores, Inc., 168 F.R.D. 61, 63 (D.N.M. 1996). When an objection is made on relevancy grounds, the deponent should answer the question subject to the objection.[1] Fed. R. Civ. P. 30(c) (where relevancy objections are made, "the examination shall proceed, with the testimony being taken subject to the objections."); Quantachrome Corp. v. Micrometrics Instrument Corp., 189 F.R.D. 697, 700 (S.D. Fla. 1999). But objections based on relevancy do not warrant instructing the witness not to answer a deposition question. Of course, an attorney may instruct a witness not to answer where the question seeks information so far beyond the scope of relevancy as to be abusive, but in

---

[1] Indeed, since objections to the relevancy of testimony are not waived by a failure to assert them during the taking of a deposition, Fed. R. Civ. P. 32 (d)(3), there is no need to even raise such an objection during the deposition itself. Furthermore, at the outset of the deposition counsel stipulated that all objections "except as to the form of the question and the responsiveness of the answer" were reserved for the Court's later consideration. Eichholz dep. at 5-6. Thus, not only was it improper for defense counsel to assert relevancy as a basis for instructing his client not to answer deposition questions, it was unnecessary for him to even address the issue, since challenges to the relevancy of the testimony were preserved.

such a case the attorney must immediately move for a protective order under Rule 30(d)(4). Quantachrome, 189 F.R.D. at 700.

Even if the assertion of a relevancy objection were a proper basis for instructing a witness not to answer, defendant has not shown that such an objection was appropriate on these facts. A plaintiff suing his former attorney for malpractice is perfectly entitled to ask whether there are other pending suits against the attorney and to inquire about the nature of those suits. The existence of other malpractice suits, while not necessarily constituting admissible evidence, could lead to the discovery of evidence that has a bearing upon the claims asserted by plaintiff in this case.

Defense counsel's argument that plaintiff's motion to compel should be denied because the deponent "ultimately" answered the questions is disingenuous. The deposition transcript reflects that defense counsel persistently obstructed plaintiff's efforts to obtain answers to even simple, introductory questions regarding other pending claims against Eichholz. While the deponent did ultimately (and despite defense counsel's advice) answer some of the questions posed by plaintiff's counsel about certain specific pending lawsuits, he only acknowledged the existence of the suits

specifically referenced by plaintiff's counsel and refused to answer questions about any other pending suits. Thus, plaintiff was prohibited from engaging in legitimate discovery. Defendants' newly-asserted contention that plaintiff's counsel was probing into these areas in "bad faith" or just to "annoy, embarrass, or oppress" the deponent is not supported by the record.

Rule 30 (d)(1) allows a deponent to avoid answering a deposition question in "only" three circumstances: (1) to preserve a privilege, (2) to enforce a court order limiting the scope of the deposition, or (3) to present a Rule 30 (b)(4) motion seeking to preclude an examination conducted in bad faith. None of these limited circumstances applies here.

Plaintiff's motion to compel a continuation of the deposition of defendant Eichholz and request for sanctions (doc. 33) is hereby **GRANTED**. Defendant's motion for a protective order (doc. 36) is **DENIED**. Plaintiff may submit a claim for the *reasonable* expenses incurred in making the motion and for the costs of the second deposition within seven days after that deposition is completed. Defendants may file a response within five days thereafter.

Given the history of this case, it is incumbent upon the Court to remind plaintiff's counsel that the renewed deposition is not an opportunity to pry into privileged matters or to probe into areas that have no conceivable relevancy to the present litigation.[2] And the Court emphasizes to defendant's counsel that any further instructions to his client not to answer questions posed during his deposition must rest upon a ground specifically authorized by the federal rules.

**SO ORDERED** this 21st day of June, 2006.

*/s/ M. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] And certainly plaintiff's counsel must avoid questioning the deponent about a sealed bankruptcy matter or pursuing other areas of inquiry foreclosed by this Court's prior orders.