FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2007 JUL 27 PM 4: 09
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

THEODORE S. BAKER )
)
    Plaintiff, )
)
vs. )
)
BENJAMIN S. EICHHOLZ, THE )  CASE NO. CV406-21
LAW OFFICES OF BENJAMIN )
SHEFTALL EICHHOLZ, P.C., and )
L. NICOLE HAMILTON-KING, )
)
    Defendants. )
)

## O R D E R

Before the Court is the Motion to Reconsider by Benjamin S. Eichholz and the Law Offices of Benjamin Sheftall Eichholz ("the Eichholz Defendants"). (Doc. 135.) On February 5, 2007, this Court entered an Order granting in part and denying in part the Eichholz Defendants' Motion for Summary Judgment. The instant Motion for Reconsideration does not dispute the holdings of that Order, but instead requests further guidance from the Court as a result of the decision.

In this action for legal malpractice, Plaintiff brought suit against Defendants for failing to file his underlying personal injury claim within the two-year statute of limitations. On summary judgment, this Court held that because the statute of limitations was tolled by

the Servicemembers Civil Relief Act, the time period for filing suit had not expired during the course of Defendants' representation. Therefore, the Court held that Plaintiff is precluded from recovering actual damages for the value of the underlying personal injury action, which remains pending in the Superior Court of Chatham County.

Relying on Georgia law, however, the Court held that Plaintiff is still entitled to pursue claims for nominal damages on theories of legal malpractice, breach of fiduciary duty, and breach of contract. See Jankowski v. Taylor, Bishop & Lee, 246 Ga. 804, 806, 273 S.E.2d 16 (1980); Holmes v. Drucker, 201 Ga. App. 687, 411 S.E.2d 727 (1991). These claims are based on allegations of negligence, misrepresentation, and concealment in the handling of Plaintiff's case. The nominal damages include "delay in recovery on his claim for more than two years; 'needless expenditure of a great deal of time, energy and resources;' and the difficulty and expense of having to pursue his claims from out of state." (Doc. 134 at 13.)

The Eichholz Defendants request that this case be suspended until the resolution of Plaintiff's underlying personal injury action. Although Plaintiff can no longer recover for the value of that action, the Eichholz Defendants argue that even the nominal damages at issue in

2

this case are dependant upon the final outcome of that litigation.

The Court finds that the nominal damages claims in this case are only loosely related to the underlying personal injury action. Therefore, it is not necessary for this case to be suspended indefinitely. Nevertheless, the Court will stay this case for a limited period of time, during which Plaintiff may attempt to settle or try the state court case.

Accordingly, Defendants' Motion is **GRANTED IN PART**, and this action is **STAYED** for **120 days** from the date of this Order. However, even if the state court case is not disposed of, this case will be reactivated and placed on the Court's active calendar. Any issues regarding the determination of nominal damages will be resolved during pretrial proceedings or at trial.

SO ORDERED this 27th day of July, 2007.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA