IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| THEODORE S. BAKER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BENJAMIN S. EICHHOLZ, THE | ) | CASE NO. CV406-21 |
| LAW OFFICES OF BENJAMIN | ) | |
| SHEFTALL EICHHOLZ, P.C., and | ) | |
| L. NICOLE HAMILTON-KING, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Before the Court is Plaintiff's Motion for Reconsideration and Clarification. (Doc. 140.) Subject to the terms set forth in this Order, the Motion is **GRANTED**.

### BACKGROUND

In this action for legal malpractice, Plaintiff Theodore Baker brought suit against Defendants, his former attorneys, for allowing the two-year statute of limitations to expire on his underlying personal injury claim. He alleges that Defendants failed to appear to contest a motion to dismiss in his personal injury case. After the case was dismissed, he contends that they lied to him about the status of his case by telling him that the case had been continued. His Complaint alleges claims for legal malpractice, breach of fiduciary duty, breach of contract,

and fraud, based on Defendants' alleged misrepresentations and their failure to pursue his claim.

On February 5, 2007, this Court entered an Order granting in part and denying in part the Motion for Summary Judgment filed by Defendants Benjamin Eichholz and The Law Offices of Benjamin Sheftall Eichholz, P.C. This Court held that because the statute of limitations in the personal injury action was tolled by the Servicemembers Civil Relief Act, the time period for filing suit had not expired during the course of Defendants' representation. Therefore, the Court held that Plaintiff is precluded from recovering damages for the value of the underlying personal injury claim.

The parties have requested further guidance from the Court regarding the implications of that decision and the effect it has on Plaintiff's other claims.

## ANALYSIS

### I. The Cause Of Action Survives Summary Judgment

Defendants have argued, on summary judgment and again on reconsideration, that because Plaintiff can no longer recover for the value of the underlying action, this case should be dismissed because there is no evidence of damages. Without the value of the underlying action, Plaintiff's only claimed damages include a "delay in

recovery on his claim for more than two years; 'needless expenditure of a great deal of time, energy and resources;' and the difficulty and expense of having to pursue his claims from out of state." (Doc. 134 at 13.) Defendants argue that these claimed damages are insufficient to sustain a cause of action.

This was the issue the Court addressed in its Order on summary judgment, and the Court will not revisit the holding of that Order. Under Georgia law, it is well-established that a cause of action for legal malpractice arises with a showing of only nominal damages. Jankowski v. Taylor, Bishop & Lee, 246 Ga. 804, 806 273 S.E.2d 16 (1980); see also Duke Galish, L.L.C. v. Arnall Golden Gregory, L.L.P., 288 Ga. App. 75, 653 S.E.2d 791 (2007); Gingold v. Allen, 272 Ga. App. 653, 655, 613 S.E.2d 173 (2005); Jones, Day, Reavis & Pogue v. Am. Envirecycle, Inc., 217 Ga. App. 80, 82, 456 S.E.2d 264 (1995); Spence v. Hilliard, 181 Ga. App. 767, 767, 353 S.E.2d 634 (1987); Kirby v. Chester, 174 Ga. App. 881, 882, 331 S.E.2d 915 (1985). In this case, Plaintiff has presented evidence of at least nominal damages. Therefore, the cause of action survives summary judgment.

## II. The Amount Of Damages Is A Factual Issue To Be Decided At Trial

The other issue raised by the parties is whether Plaintiff's damages are limited to "nominal damages" or whether Plaintiff may seek to recover "actual damages" at trial. In the Order denying summary judgment, the Court referred to the value of the personal injury action as Plaintiff's "actual damages" and referred to Plaintiff's other damages as "nominal damages." The Court focused on the existence of nominal damages, because nominal damages are all that is required to sustain a cause of action for legal malpractice.

For this reason, the Court's holding strongly implied that Plaintiff would be limited to recovering only nominal damages on the legal malpractice claim. In a subsequent Order temporarily staying the case, on July 27, 2007, the Court stated, "Plaintiff is precluded from recovering actual damages for the value of the underlying personal injury action." (Doc. 139 at 2.) And the Court dismissed Plaintiff's claim for fraud on the ground that he had not shown sufficient evidence of actual damages. (Doc. 134.)

The parties seek clarification as to whether Plaintiff will be allowed to offer evidence of "actual damages" at

trial, or whether the damages are expressly limited to "nominal damages" - presumably $1.00.

"Nominal damages" are defined as "A trifling sum awarded when a legal injury is suffered but when there is no substantial loss or injury to be compensated." Blacks Law Dictionary 396 (7th ed. 1999). "Actual damages" are defined as "An amount awarded to a complainant to compensate for a proven injury or loss; damages that repay actual losses." Id. at 394. The Official Code of Georgia does not use the term "actual damages," and instead describes damages as being either general, special, nominal, or punitive. O.C.G.A. §§ 51-12-1 to 5.1.[1] "Special damages are those which actually flow from a tortious act; they must be proved in order to be recovered." O.C.G.A. § 51-12-2(b). "General damages are those which the law presumes to flow from any tortious act; they may be recovered without proof of any amount." O.C.G.A. § 51-12-2(a).

In Jankowski, the Supreme Court of Georgia discussed the time at which a cause of action for legal malpractice arises and the difference between nominal and actual damages. 246 Ga. at 806. The court held that the

---

[1] Damages may also be direct or consequential. O.C.G.A. § 51-12-1.

5

plaintiff's cause of action against the defendant law firm arose immediately upon dismissal of the original lawsuit, even though the statute of limitations had not yet expired on the original claim. Id.

> In legal malpractice cases, this court has followed the doctrine that a right of action arises immediately upon the wrongful act having been committed, even though there are no special damages. Crawford v. Gaulden, 33 Ga. 173 (1862); Lilly v. Boyd, 72 Ga. 83 (1883); Gould v. Palmer & Read, 96 Ga. 798, 22 S.E. 583 (1895). . . . These cases hold that it is not the special damage or injury resulting from the wrongful act which gives rise to a cause of action, but they also hold that the fact that nominal damages may be recovered is sufficient to create a cause of action and therefore result in the statute of limitations beginning to run.
>
> . . .
>
> There can be no question in the case at bar as to whether a negligent act is alleged in allowing the original lawsuit to be dismissed. Likewise, it cannot be argued that no damage resulted from this dismissal even though the statute of limitation in that lawsuit had not then expired. Before the dismissal occurred, the plaintiff had a lawsuit pending which was ripe for trial. After the dismissal, there was no lawsuit pending, court costs would be cast upon the plaintiff and obvious delays would be occasioned in having the cause of action adjudicated. These factors among others are damages. They are, in fact, more than nominal damages and can be described as being appreciable.

Id. at 806 (emphasis added).

Under Jankowski, Plaintiff is not expressly limited to recovering "nominal" damages simply because he can no longer recover for the value of the underlying personal

injury action. Even though the other damages he has suffered may be minimal in comparison to the value of the underlying action, the court in Jankowski described them as "appreciable" rather than "nominal."

The cases relied on by Defendants are distinguishable, because in those cases the courts found that the plaintiffs had presented no evidence of any damages that proximately flowed from the alleged malpractice. See Amstead v. McFarland, 287 Ga. App. 135, 139, 650 S.E.2d 737 (2007)(holding that former client could not recover for legal fees paid to a second attorney where that attorney played no role in procuring the eventual settlement in the underlying tort action and where the fees expended were not proximately caused by the defendant attorney's alleged malpractice); Whitehead v. Cuffie, 185 Ga. App. 351, 352, 364 S.E.2d 87 (1987)(holding that plaintiffs could not recover damages for "loss of use of money" where there was no evidence to indicate that a settlement could have been procured at an earlier time had the defendant attorney pursued plaintiffs' claims to their satisfaction).

In the instant case, the Court holds that because Plaintiff has presented sufficient evidence of damages to survive summary judgment, the issue of the amount is a question of fact to be decided by the jury based upon the

evidence presented at trial. The Plaintiff bears the burden of proof as to damages, and the jury may decide to award "actual damages," "nominal damages," or no damages at all.[2] The jury shall be entitled to hear and consider all relevant and admissible evidence regarding Plaintiff's damages.

## III. Pending Claims

Pursuant to the Court's Order dated February 5, 2007, Plaintiff's claims for legal malpractice, breach of fiduciary duty, and breach of contract remain pending.

Also in the February 5, 2007 Order, the Court dismissed Plaintiff's claim for fraud on the ground that Plaintiff had not shown evidence of "actual damages." In the fraud claim, Plaintiff alleges that Defendants fraudulently concealed their mishandling of his claim by making misrepresentations about the status of the case. "To establish a cause of action for fraud, a plaintiff must show that actual damages, not simply nominal damages, flowed from the fraud alleged." Glynn County Fed. Employees Credit Union v. Peagler, 256 Ga. 342, 344, 348 S.E.2d 628 (1986); Grand v. Hope, 274 Ga. App. 626, 631,

---

[2] Plaintiff's Complaint states that he also seeks to recover punitive damages and attorney fees. (Compl. ¶¶ 66, 68.) The Court has not considered these claims, and nothing in this Order should be construed to apply to them.

8

617 S.E.2d 593 (2005). As a result of the Court's holding in Part II, supra, the dismissal of the fraud claim was premature, and Plaintiff may seek to sustain a claim for fraud by proving actual damages at trial.

## CONCLUSION

Subject to the explicit terms set forth above, Plaintiff's Motion for Reconsideration and Clarification is **GRANTED.** The Court will not entertain further motions for reconsideration. Any outstanding issues should be raised by the parties in the consolidated proposed pretrial order or in pretrial motions.

SO ORDERED this 17th day of March, 2008.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA