IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

THEODORE S. BAKER,                )
                                  )
    Plaintiff,                    )
                                  )
v.                                )
                                  )  CASE NO. CV406-021
BENJAMIN S. EICHHOLZ and THE      )
LAW OFFICE OF BENJAMIN            )
SHEFTALL EICHHOLZ, P.C.,          )
                                  )
    Defendants.                   )
                                  )

O R D E R

Before the Court is Defendants' Motion in Limine (Doc. 175), Plaintiff's Response (Doc. 188), and Defendants' Reply (Doc. 192). For the following reasons, Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**.[1]

BACKGROUND

In this action for breach of fiduciary duty, Plaintiff Theodore Baker brought suit against Defendants for failing to prosecute his personal injury claim. He alleges that Defendants failed to appear in state court to contest a motion to dismiss his personal injury case. After Plaintiff's case was dismissed, he contends that they lied

---

[1] Plaintiff did not respond to Defendants' "Motion to Exclude Witness" (Doc. 164) and "Motion to Amend Pre-Trial Order" (Doc. 167). These Motions are unopposed. Therefore, the Court **GRANTS** these Motions.

to him about the status of his case by telling him that it had been continued rather than dismissed.

On February 5, 2007, this Court entered an Order granting in part and denying in part Defendants' Motion for Summary Judgment. (Doc. 134.)[2] This Court held that, because the statute of limitations in the personal injury action was tolled by the Servicemembers Civil Relief Act, 50 App. U.S.C. §§ 501-596, the time period for filing that claim had not expired during the course of Defendants' representation. Because that claim was still pending in state court, the Court ruled that Plaintiff was precluded from recovering damages for the value of the underlying personal injury claim in this case. However, the Court denied Defendants' Motion for Summary Judgment with respect to Plaintiff's claims for breach of fiduciary duty and breach of contract. At a pretrial conference on November 3, 2008, Plaintiff indicated that he would proceed to trial only on the breach of fiduciary duty claim.

In the Motion presently before the Court, Defendants seek to prohibit Plaintiff from presenting (1) expert

---

[2] Ms. Hamilton-King, a former associate at Defendant Eichholz's firm, handled Plaintiff's case. Ms. Hamilton-King is no longer an associate at Defendant's firm. Plaintiff named Ms. Hamilton-King as a Defendant in this action, but voluntarily dismissed her on December 1, 2008. (Doc. 183.)

2

testimony about negligence in breach of fiduciary duty claims; (2) expert testimony about claims for breach of fiduciary duty; (3) evidence of the Georgia Rules of Professional Conduct; and (4) evidence of prior disciplinary action taken against Defendants.

## ANALYSIS

For evidence to be relevant, it must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. In this case, Plaintiff must prove three elements to establish a claim for breach of fiduciary duty: " '(1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach.' " Ansley Marine Const., Inc. v. Swanberg, 290 Ga. App. 388, 391, 660 S.E.2d 6, 9 (2008) (quoting Jonas v. Jonas, 280 Ga. App. 155, 160, 633 S.E.2d 544, 549 (2006)). Evidence that does not aid the finder of fact in determining whether Plaintiff has met his burden of proof with respect to any of these elements is not admissible. Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible.") In addition, the Court may exclude otherwise relevant evidence where its value is "substantially outweighed by the danger of unfair prejudice, confusion of

3

the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Id. 403.

I. <u>Expert Testimony Concerning the Alleged Negligence of Defendants</u>

Defendants ask this Court to prohibit Plaintiff from introducing expert testimony regarding Defendants' alleged deviations from applicable professional standards of care. Defendants argue that the professional standard of care is not relevant to Plaintiff's claim for breach of fiduciary duty. In response, Plaintiff asserts that evidence of professional negligence is relevant because it helps to establish what actions by Defendants constitute a breach of their fiduciary duty.

The Court finds that evidence of professional negligence is admissible to the extent that it helps establish either the existence or breach of a fiduciary duty. The standard of care established by ethical rules, while not dispositive, is relevant to the existence of a fiduciary duty and its possible breach. See <u>Traub v. Washington</u>, 364 Ga. App. 541, 543-44, 591 S.E.2d 382, 385-86 (2003) (denying summary judgment on breach of fiduciary duty claim because expert testified defendant violated professional ethical standard), <u>David C. Joel, Attorney at Law, P.C. v. Chastain</u>, 354 Ga. App. 594, 597, 562 S.E.2d

746, 750-51 (2002) (upholding introduction of State Bar Rules as evidence of existence and breach of fiduciary duty by attorney). Moreover, expert testimony regarding allegedly negligent acts and the appropriate standard of care "will assist the trier of fact to understand the evidence or determine a fact in issue." Fed. R. Evid. 702. Therefore, Defendants' Motion is **DENIED** with respect to expert testimony of professional negligence that assists the trier of fact in determining whether Defendants owed Plaintiff a fiduciary duty and, if so, whether Defendants' actions constituted a breach of that duty.

II. Expert Testimony Regarding Defendants' Alleged Breach of Fiduciary Duties

Defendants request that this Court prohibit Plaintiff from presenting expert testimony concerning Defendants' alleged breach of fiduciary duty. Defendants appear to be making a two-fold argument. First, Defendants argue that expert testimony of such evidence is not admissible because it does not assist the trier of fact in understanding the evidence or determining an issue of fact. In this regard, Defendants reason that the existence and breach of a fiduciary duty owed by an attorney to her client is within the realm of knowledge of the average juror. Second, Defendants assert that such evidence is irrelevant because Georgia law does not require the inclusion of an expert

affidavit to state a valid claim for breach of fiduciary duty.

The Court rejects both of Defendants' arguments. First, it is difficult to imagine that the average juror enters the courtroom with a full understanding of what duties an attorney owes his client and what actions constitute a breach of those duties. Since it is incumbent on Plaintiff to establish the elements of his breach of fiduciary duty claim, he should be afforded the opportunity to have a duly qualified expert propound on the nature and scope of the alleged duty and its subsequent breach.

Second, Defendants' argument that the absence of a requirement that Plaintiff supply expert testimony means that expert testimony is prohibited lacks merit. Claims for professional negligence require expert testimony because those claims are founded only upon a breach of a professional standard. While breach of fiduciary duty claims do not <u>require</u> expert testimony, it does not logically follow that expert testimony is <u>prohibited</u> in these claims. As discussed above, where expert testimony can assist the trier of fact in determining the existence and breach of a fiduciary duty, such expert testimony is admissible. In fact, Georgia courts have allowed the introduction of expert testimony in breach of fiduciary

duty claims based on violations of professional standards. See Traub, 364 Ga. App. at 543-44, 591 S.E.2d at 385-86, Joel, 354 Ga. App. at 597, 562 S.E.2d at 750-51. Therefore, Defendants' Motion in **DENIED** with respect to expert testimony concerning Defendants' alleged breach of fiduciary duty.

III. <u>Violations of the Georgia Rules of Professional Conduct</u>

Defendants request that this Court prohibit Plaintiff from introducing the Georgia Rules of Professional Conduct at trial. Defendants argue that the rules are not relevant to Plaintiff's claim for breach of fiduciary duty. In his Response, Plaintiff contends that the rules are relevant because they may help the jury in determining both if a fiduciary relationship existed and if Defendants breached that duty.

The Court finds that the Georgia Rules of Professional Conduct are relevant to Plaintiff's claim for breach of fiduciary duty. While not directly addressing the issue, Georgia courts have previously allowed the introduction of professional rules in breach of fiduciary duty cases. See Joel, 354 Ga. App. at 597, 562 S.E.2d at 750-51 ("The trial court did not err by instructing the jury on the State Bar Rules standard of conduct in effect at the time . . . .").

7

Therefore, Defendants' Motion is **DENIED** with respect to the Georgia Rules of Professional Conduct.

IV. <u>Disciplinary Action Taken Against Defendant Eichholz</u>

Defendant requests that this Court prohibit Plaintiff from introducing evidence concerning disciplinary action taken against Defendant Eichholz. Defendant argues both that such evidence is not relevant to Plaintiff's claim for breach of fiduciary duty, and that such evidence would be improper character evidence. Plaintiff contends that the evidence should be allowed because it may help establish a course of conduct of bad faith, malice, or wanton misconduct. (Doc. 188 at 18.)

The Court finds that evidence of disciplinary action taken against Defendant Eichholz is inadmissible. First, such evidence is not relevant to the proceedings currently before this Court. Defendant Eichholz's disciplinary record does not tend to make it any more or less probable either that Defendants owed a fiduciary obligation to Plaintiff or that Defendants breached that obligation.

Second, the Federal Rules of Evidence do not allow a party to use evidence of previous wrongs in order to establish that a defendant was wrong on a particular occasion. Fed. R. Evid. 404(b). This case is about whether, on this occasion, Defendants breached a fiduciary

duty to Plaintiff. Evidence of Defendant Eichholz's disciplinary record is improper character evidence because it is being used to suggest that, on this occasion, Defendant Eichholz acted in conformity with a prior pattern of behavior. Therefore, Defendants' Motion is **GRANTED** with respect to disciplinary actions taken against Defendant Eichholz.

## CONCLUSION

For the foregoing reasons, Defendants' Motion in Limine is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is precluded from presenting evidence of disciplinary actions taken against Defendant Eichholz.

SO ORDERED this 9th day of January, 2009.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA