IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

THEODORE S. BAKER,           )
                             )
     Plaintiff,              )
                             )
v.                           )
                             )   CASE NO. CV406-021
BENJAMIN S. EICHHOLZ and THE )
LAW OFFICE OF BENJAMIN       )
SHEFTALL EICHHOLZ, P.C.,     )
                             )
     Defendants.             )
                             )

## O R D E R

Before the Court are Plaintiff's "First Motion in Limine" and "Second Motion in Limine and Supplement to Plaintiff's First Motion in Limine." (Docs. 165 & 180.) Defendants have responded to both Motions (Docs. 178 & 187), and Plaintiff has filed a reply (Doc. 185). For the following reasons, Plaintiff's First Motion in Limine is **GRANTED IN PART** and **DENIED IN PART**, and Plaintiff's Second Motion in Limine is **GRANTED IN PART** and **DENIED IN PART**.

### BACKGROUND

In this action for breach of fiduciary duty, Plaintiff Theodore Baker brought suit against Defendants for failing to prosecute his personal injury claim. He alleges that Defendants failed to appear in state court to contest a motion to dismiss his personal injury case. After Plaintiff's case was dismissed, he contends that they lied

to him about the status of his case by telling him that it had been continued rather than dismissed.

On February 5, 2007, this Court entered an Order granting in part and denying in part Defendants' Motion for Summary Judgment. (Doc. 134.)[1] This Court held that, because the statute of limitations in the personal injury action was tolled by the Servicemembers Civil Relief Act, 50 App. U.S.C. §§ 501-596, the time period for filing that claim had not expired during the course of Defendants' representation. Because that claim was still pending in state court, the Court ruled that Plaintiff was precluded from recovering damages for the value of the underlying personal injury claim in this case. However, the Court denied Defendants' Motion for Summary Judgment with respect to Plaintiff's claims for breach of fiduciary duty and breach of contract. At a pretrial conference on November 3, 2008, Plaintiff indicated that he would proceed to trial only on the breach of fiduciary duty claim.

In the Motions presently before the Court, Plaintiff asks this Court to prohibit Defendants from presenting

---

[1] Ms. Hamilton-King, a former associate at Defendant Eichholz's firm, handled Plaintiff's case. Ms. Hamilton-King is no longer an associate at Defendant's firm. Plaintiff named Ms. Hamilton-King as a Defendant in this action, but voluntarily dismissed her on December 1, 2008. (Doc. 183.)

2

evidence of or making reference to (1) Plaintiff's personal injury lawsuit pending in Superior Court of Chatham County (Doc. 165 at 1); (2) Mr. Middleton's representation of Plaintiff in the pending personal injury lawsuit (Id. at 2); (3) the parties' attempts to reach a negotiated settlement (Id.); and (4) the parties' actions that occurred after Plaintiff filed this lawsuit (Doc. 180). In addition, Plaintiff seeks to exclude as witnesses Arthur Nilsen, an alleged expert on Defendant Eichholz's type of law practice; Tony Center, former attorney for Defendants; and Richard Middleton, current attorney for Plaintiff. (Doc. 165 at 3.)

## ANALYSIS

For evidence to be relevant, it must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. In this case, Plaintiff must prove three elements to establish a claim for breach of fiduciary duty: " '(1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach.' " Ansley Marine Const., Inc. v. Swanberg, 290 Ga. App. 388, 391, 660 S.E.2d 6, 9 (2008) (quoting Jonas v. Jonas, 280 Ga. App. 155, 160, 633 S.E.2d 544, 549 (2006)). Evidence that does not aid the finder of fact in determining whether

Plaintiff has met his burden of proof with respect to any of these elements is not admissible. Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible.") In addition, the Court may exclude otherwise relevant evidence where its value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Id. 403.

I. Reference to Pending Lawsuit in State Court

Plaintiff asks this Court to prohibit Defendants from introducing evidence or making reference to Plaintiff's pending lawsuit in the Superior Court of Chatham County. In response, Defendants argue that the failure to inform the jury that Plaintiff's underlying personal injury claim is still pending in state court will leave the jury with the perception that Plaintiff is unable to recover for that injury. Defendants reason that, if jurors were to have this perception, they would overestimate Plaintiff's damages by including the loss of the underlying personal injury claim in any award of damages.

The Court finds that evidence of the viability of Plaintiff's underlying personal injury claim is not relevant to his claim for breach of fiduciary duty. Plaintiff entrusted Defendants to prosecute his personal injury claim,

a task Defendants failed to perform. Evidence that Plaintiff engaged a different lawyer to prosecute his claim in state court is not germane to whether Defendants breached their duty to Plaintiff. The Court has already ruled that Plaintiff may not recover the value of the personal injury claim. A simple jury instruction, informing jurors that they may not include the value of the personal injury claim in any award of damages, would mollify the danger feared by Defendants. Furthermore, Plaintiff has agreed to stipulate to the viability of the personal injury claim. These two measures—the instruction and the stipulation—should provide the jury with enough information so the value of the personal injury claim is not included in any award of damages. Accordingly, Plaintiff's Motion is **GRANTED** with respect to the pending personal injury claim in state court.

II. <u>Reference to Mr. Middleton's Representation of Plaintiff in the Pending Personal Injury Action</u>

Plaintiff requests that this Court prohibit Defendants from introducing evidence or making reference to Mr. Middleton's representation of Plaintiff in the pending personal injury claim. Plaintiff argues that evidence of Mr. Middleton's representation is irrelevant and an attempt to prejudice the jury against Mr. Middleton by placing blame for mistakes in Plaintiff's pending personal injury claim on Mr. Middleton. In response, Defendants again argue that all

evidence concerning the pending personal injury claim should be admitted because the jury might be given the impression that Plaintiff can no longer recover on that claim. Defendants reason that Mr. Middleton's representation of Plaintiff is part and parcel of that information.

The Court finds that Mr. Middleton's representation of Plaintiff in state court is not relevant to the breach of fiduciary duty claim before this Court. Defendants seem to want to disparage Plaintiff's counsel—Mr. Middleton—in front of the jury by alleging various mistakes in the handling of Plaintiff's personal injury claim. The Court is unable to identify how the quality of Mr. Middleton's representation helps the jury determine if "any fact that is of consequence . . . is more probable or less probable."[2] Fed. R. Evid. 401. Accordingly, Plaintiff's Motion is **GRANTED** with respect to Mr. Middleton's representation of Plaintiff in the pending personal injury action in state court.

---

[2] Mistakes, if any, by Mr. Middleton in the pending personal injury claim may give rise to an action for legal malpractice. However, this is a claim that must be brought by Mr. Middleton's client, not opposing counsel in this case. Furthermore, the fact that Mr. Middleton would represent Plaintiff in this case and the pending personal injury action can hardly be characterized as unusual or dubious. Given the close nature of the attorney–client relationship, it is not surprising that an individual would ask the same lawyer to perform multiple tasks. Therefore, Mr. Middleton's representation of Plaintiff in both claims is not suspect and bears no relationship to the claim for breach of fiduciary duty currently before this Court.

6

III. References to Attempts to Settle this Lawsuit

Plaintiff requests that this Court prohibit Defendants from introducing evidence or making reference to the parties' attempts to settle or resolve this lawsuit. Defendants agree that the details of settlement negotiations between Plaintiff and Defendants are not admissible. See Fed. R. Evid. 408. Accordingly, Plaintiff's Motion is **GRANTED** with respect to any settlement negotiations that took place between the parties.[3]

IV. Reference to Actions of the Parties or Events that Occurred After the Current Lawsuit was Filed

Plaintiff requests that this Court prohibit Defendants from introducing evidence or making reference to actions or events concerning the pending personal injury claim that occurred after the filing of the lawsuit currently before this Court. In his Second Motion in Limine, Plaintiff argues that these details are not relevant to the claim for breach of fiduciary duty. In response, Defendants argue that the jury will be confused if they are not informed of the details concerning the refiling of the personal injury

---

[3] Defendants argue that any settlement amount between Plaintiff and Ms. Hamilton-King should be admissible for determining an appropriate award of damages. While the Court takes no position on the merits of Defendants' argument, the issue is moot because Plaintiff did not obtain any compensation for dismissing Ms. Hamilton-King from this lawsuit.

claim. Defendants argue that, as a result of the confusion, the jury is likely to "conclude that Plaintiff is entitled to some damages flowing from the dismissal of that claim." (Doc. 187 at 2.)

The Court finds that evidence of actions or events occurring after the alleged breach of fiduciary duty are relevant to the issue of damages and should not be excluded, subject to the limitations discussed below. The details of the revival of the claim may be relevant because they might mitigate an award of damages. Plaintiff may only recover for those damages proximately caused by any alleged breach of fiduciary duty. Additional attorney's fees incurred in researching and refiling Plaintiff's personal injury claim may be recoverable if Plaintiff actually incurred these costs. However, if Defendants informed Plaintiff that the statute of limitations for Plaintiff's claim had not run, and Plaintiff had yet to discover this information, Plaintiff may not recover damages for the additional attorney's fees because those fees would not be proximately caused by Defendants' breach of fiduciary duty. Therefore, Plaintiff's Motion is **DENIED IN PART** with respect to evidence of actions or events occurring after Defendants' alleged breach of fiduciary duty. Defendants may present

evidence concerning how Plaintiff learned that the statute of limitations for his personal injury claim had not run.

However, Defendants may only present evidence relevant to the issue of damages. As discussed above, the Court can easily and clearly inform the jury that it should not award damages for the value of the personal injury claim. Furthermore, the Court can instruct the jury that the value of the pending claim has not been reduced by Defendants' actions. Therefore, Defendants may only present evidence concerning who discovered that the statute of limitations had not run on Plaintiff's claim.

V. Exclusion of Witnesses

In his Motion, Plaintiff asks this Court to preclude Defendants from calling Arthur C. Nilsen, Tony Center, and Richard H. Middleton, Jr. as witnesses in this case. The Court will now consider each witness in turn.

A. Arthur C. Nilsen

Plaintiff seeks to prohibit Defendants from making reference to or calling as a witness Mr. Arthur C. Nilsen. Plaintiff argues that Defendants did not disclose Mr. Nilsen as a potential witness during discovery. Defendants state that they do not intend to affirmatively call Mr. Nilsen as an expert witness, but rather as an expert witness to rebut expert testimony offered by Plaintiff.

A party must disclose expert testimony "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(C)(ii). Where a party fails to make the required disclosures, the Court must prevent that party from using that information or witness to provide evidence at trial. Fed. R. Civ. P. 37(c)(1). A party may obtain relief from the Rule by showing that the failure to disclose was either substantially justified or harmless. Id.

Defendants first listed Mr. Nilsen as a possible witness in the Pretrial Order, dated August 8, 2008, over two years after both the June 29, 2006 deadline for furnishing expert witness reports and the July 20, 2006 discovery deadline. The Court finds that Defendants failed to properly disclose Mr. Nilsen as a rebuttal expert witness despite having ample opportunity to do so. Defendants' failure to timely identify Mr. Nilsen as a rebuttal expert witness has prevented Plaintiff from preparing for trial by taking his deposition. Furthermore, Defendants have yet to disclose Mr. Nilsen's written report, as required under Federal Rule of Civil Procedure 26(a)(2)(B). Finally, Defendants have not even attempted to provide this Court with any justification for their failure to comply with the

Federal Rules of Civil Procedure, or show that the inclusion of Mr. Nilsen as a witness would be harmless. Therefore, Plaintiff's Motion is **GRANTED** with respect to Mr. Nilsen.

B.  Tony Center

Plaintiff seeks to prohibit Defendants from making reference to or calling as a witness Mr. Tony Center. Plaintiff argues that Defendants did not properly disclose Mr. Center as a potential witness during discovery. At a Pretrial Conference on January 7, 2009, Defendants stated that they only intend to call Mr. Center to rebut testimony concerning the amount of legal fees that Plaintiff incurred in determining that the statute of limitations had not run on Plaintiff's personal injury claim.

A party must disclose any individual likely to have discoverable information that the party may use to support any of its claims or defenses within fourteen days of the Rule 26(f) conference. Fed. R. Civ. P. 26(a)(1). However, a party need not disclose those individuals whose testimony will be used only for impeachment. Id. 26(a)(1)(A)(i).

In this case, the deadline for making these disclosures was March 16, 2006. Defendant first disclosed Mr. Center as a possible witness in the Pretrial Order, dated August 8, 2008, over two years after both the March 16, 2006 deadline for providing the initial disclosure and the July 20, 2006

11

discovery deadline. The Court finds that Defendants failed to properly disclose Mr. Center as a potential witness and Defendants cannot affirmatively call Mr. Center as a fact witness. However, the failure to properly disclose Mr. Center as a witness does not prevent Defendants from eliciting testimony from Mr. Center to rebut testimony offered by a witness for Plaintiff. Accordingly, Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART** with respect to Mr. Center.

C. Richard H. Middleton, Jr.

Plaintiff asks this Court to prohibit Defendants from calling Mr. Middleton—attorney for Plaintiff—as a witness in this case. In response, Defendants withdrew their designation of Mr. Middleton as a potential witness in this case. Therefore, Plaintiff's Motion is **GRANTED** with respect to Mr. Middleton.

**CONCLUSION**

For the foregoing reasons, Plaintiff's First Motion in Limine is **GRANTED IN PART** and **DENIED IN PART**, and Plaintiff's Second Motion in Limine is **GRANTED IN PART** and **DENIED IN PART**. Defendants are precluded from presenting evidence of, or making reference to, (1) Plaintiff's personal injury lawsuit pending in Superior Court of Chatham County; (2) Mr. Middleton's representation of Plaintiff in

12

the pending personal injury lawsuit; and (3) the parties' attempts to reach a negotiated settlement. Also, Defendants may not call as witnesses Arthur C. Nilsen or Richard H. Middleton, Jr.

Defendants may present evidence concerning the actions of the parties and events that occurred following the filing of this lawsuit, so long as that evidence concerns how Plaintiff learned that the statute of limitations had not run on his personal injury claim. Also, Defendants may call Mr. Center as a witness, so long as his testimony is used to rebut testimony offered by a witness for Plaintiff.

SO ORDERED this 9th day of January, 2009.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA